# McGRANE *v.* McCANN.

SUITS IN FORMA PAUPERIS; APPELLATE PRACTICE.

1. The act of Congress of July 20, 1892, 27 Stats., 252, allowing suits to be brought in federal courts *in forma pauperis*, upon certain conditions therein prescribed, refers only to actions prosecuted in courts of original jurisdiction, and not to proceedings in probate or appellate courts; and therefore the failure of an appellant in this court to give bond for security for the costs of appeal, cannot be justified under that act.
2. The failure of an appellant to file a transcript of the record of the proceedings below within the time prescribed by the rules of this court, will, in the absence of a legal or sufficient excuse for the omission, entitle the appellee, on motion, to a dismissal of the appeal.

No. 275. Submitted December 8, 1893.—Decided January 17, 1894.

HEARING on a motion by the appellees to dismiss an appeal. *Appeal dismissed.*

The FACTS sufficiently appear in the opinion.

*Mr. Edwin Forrest* and *Mr. Joseph Shillington* for the motion.

*Mr. Lorenzo A. Bailey* in opposition.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The motion to dismiss the appeal in this case must prevail. It is founded upon two grounds, both of which are well founded:

1. The first is, that the appellant has failed to give the bond, or to deposit the money, as required by rule 9, Section 3, of this court, to cover the costs of the case. The appellant seeks to avoid the operation of the rule of this court by invoking and relying upon the provisions of the act of Congress of the 20th of July, 1892, Ch. 209, 27 Stats., 252. But it is clear, we think, from the language of the stat-

ute, that it has no application to this case. This proceeding originated in a Probate Court, and is a probate proceeding, and is not a suit or action commenced in a court of the United States, within the meaning of that statute, which simply relieves the party plaintiff from the liability to prepay the fees or costs of the suit or action, upon complying with certain conditions prescribed. The statute does not contemplate proceedings in a probate court; nor does it contemplate proceedings in an appellate court. It could as well be contended that the provisions of the statute apply to the prosecution of appeals and writs of error to the Supreme Court of the United States, as to appeals in this court; and we certainly think that was not intended. It has reference alone to suits or actions prosecuted in courts of original jurisdiction. The rule requiring bond for security of costs is intended as well for the protection and indemnity of the appellee as security to the officers of the court; and there would be manifest hardship and injustice in requiring the appellee to incur the costs incident to an appeal without any security to indemnify him, in the event of the judgment being in his favor.

2. But not only has there been a failure to give bond as security for costs, but the appellant has failed to file the transcript of the record in this court, within the time prescribed for so doing; and there has been no legal or sufficient excuse or justification shown for this omission.

It follows that the appeal must be dismissed, and it is so ordered.

*Appeal dismissed.*